RECEIVED
DEC 14 2021
BY MAIL

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF MISSOURI DIVISION |
|---|---|
| Name (under which you were convicted): Shawn Henry Scrivens | Docket or Case No.: |
| Place of Confinement: Moberly Correctional Center | Prisoner No.: 505119 |
| Petitioner: (include the name under which you were convicted): Shawn Henry Scrivens | Respondent: (authorized person having custody of petitioner): Warden Amanda Lake |

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Phelps County Circuit Court, 200 N. Main St., Rolla, Missouri 65401

   (b) Criminal docket or case number (if you know): 18PH-CR01369-01

2. (a) Date of the judgment of conviction (if you know): March 7, 2019

   (b) Date of sentencing: March 7, 2019

3. Length of sentence: 10 years

4. In this case, were you convicted of more than one count or of more than one crime?  ☐ Yes  ☒ No

5. Identify all crimes which you were convicted and sentenced in this case:
   Unlawfull Possession of a Firearm

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty        ☐ (3) Nolo contendere (no contest)

   ☒ (2) Guilty            ☐ (4) Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

   (c) If you went to trial, what kind of trial did you have? (Check one)

   ☐ Jury        ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing? ☒ Yes   ☐ No

Case: 2:21-cv-00077-RLW Doc. #: 1 Filed: 12/14/21 Page: 2 of 17 PageID #: 2

8. Did you appeal from the judgment of conviction?  ☐ Yes   ☒ No

9. If you did appeal, answer the following:

   (a) Name of court: _____

   (b) Docket or case number (if you know): _____

   (c) Result: _____

   (d) Date of result (if you know): _____

   (e) Citation to the case (if you know): _____

   (f) Grounds raised:


   (g) Did you seek further review by a higher state court? ☐ Yes ☐ No

   If yes, answer the following:

   (1) Name of court: __Missouri Court of Appeals__

   (2) Docket or case number (if you know): __SD36905__

   (3) Result: __Denied__

   (4) Date of result (if you know): __September 2, 2021__

   (5) Citation to the case (if you know): __Unknown__

   (6) Grounds raised: __Plea was involuntary, unknowing, and unintelligent denail of due process__

   (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes   ☒ No

   If yes, answer the following:

   (1) Docket or case number (if you know): _____

   (2) Result: _____

   (3) Date of result (if you know): _____

   (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning the judgment of conviction in any state court?   ☐ Yes   ☒ No

11. If you answer to Question was "Yes," give the following information:

   (a)   (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(b)    If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action on your petition, application, or motion?

    (1) First petition:    ☐ Yes    ☐ No

    (2) Second petition:    ☐ Yes    ☐ No    (unknown)

    (3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

__Public Defender's decision and advise__

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** __Denial of due process, plea was involuntary, unknowing, & unintelligent__

(a) Supporting facts. Do not argue or cite law. Just state the specific facts that support your claim:

SEE: Attached 6 pages

(b) If you did not exhaust your state remedies on Ground One, explain why:

(If referring to the Missouri Supreme Court) councel stated no grounds for obtaining successful motion; or application and transfer motions.

Not necessary to exhaust remedies and proceed in federal court.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise the issue? ☐ Yes ☐ No

Unknown if councel did

(2) If you did not raise this issue in your direct appeal, explain why:

## GROUND ONE

Petitioner was arrested on September 17, 2018 and held in the Phelps County Jail on $500,000 bond. Petitioner remained in the jail's custody until his sentencing date on March 7, 2019, when he was immediatly transported to the Dept. of Corrections.

On March 7, 2019 a plea hearing was held in Phelps County Circuit Court before the Honorable Judge William E. Hinkle. Petitioner was present with his Public Defender Mr. Henry Surkamp.

A plea agreement was reached where upon petitioner's plea of guilty to Count II of his case, the State would then dismiss Count I, and recommend a sentence of ten years in the Dept. of Corrections, and dismiss his case ending in 1737.

Prior to the court accepting petitioner's guilty plea and sentencing him the court asked petitioner if he had any complaints about his treatment in the jail. Petitioner replied he did have and stated "I'm an insulin dependant diabetic. I have not had insulin shot in 124 days due to the medical staff doesn't -- can't monitor correctly my blood sugar." "I've slipped and fell here in the jail and my knee is totally dislocated. It has been. It took them three weeks to even take me to a hospital. And its still dislocated to this day."

"I've not seen one doctor since I've been here. I even come here with my own insulin provided from Dr. David Meyers." They -- I had one incident when my blood sugar was out of control. It was like over 650. I was going -- getting ready to go into a diabetic coma and they -- I had my mom call up here," (SEE: Plea & Sentencing Trans. page #12).

Petitioner also stated the jail had threatened to take away his kiosk priviledges due to so many of his requests for insulin/medical attention where he could no longer file requests of this nature.

1.

Petitioner went on to state during the hearing "I do believe it is an issue. It's caused me to lose sight in my left eye completely. I never wore glasses before I came here. Because of my blood sugar being so high I can hardly see out of my left eye. It's due to my blood sugar not being monitored. They said they would monitor my blood sugar. That has not been a correct issue at all."

"My mother is here today. She will -- you can ask her, she called up here and they said it wasn't an issue, that my blood sugar was under control, that they've been monitoring it. They haven't even did a blood sugar check on me in over 70 some days, 80 days now."

"I've been here eight months. I've lost -- completely lost sight almost in my left eye because of my diabetes issue."

"I was getting my shots and the doctor discontinued my order. I have never seen one doctor or whenever I come here I have not been seen by the nurse. I'm just -- I'm an insulin dependant diabetic and they have not given me a shot in over like 124 days."

The court went on to ask petitioner if he was pleading guilty to get away from the Phelps County Jail or if he was guilty. The court asked petitioner "As you stand here today do you have a clear mind? Petitioner stated yes. You're able to think clearly? Petitioner stated yes. Is that correct? Petitioner replied he knew where this was going, yes, sir."

Following the exchange the court accepted petitioner's guilty plea and sentenced him to ten years in the Dept. of Corrections.

It is important to note the court made no indication it did not believe petitioner when he had stated the following testimony:

1.) Petitioner was an insulin dependant diabetic.
2.) Petitioner was being denied blood sugar checks and insulin by the Phelps County Jail where petitioner had been incarcerated for eight months.

2.

3.) Prior to the hearing petitioner had not been allowed to check his blood sugar for seventy to eighty days.

4.) Prior to the hearing petitioner was denied insulin for 124 days.

5.) Petitioner had lost sight in his left eye due to lack of insulin for 124 days.

Petitioner's testimony seems accepted fact by the court, yet the court continues to question petitioner as if he had just received a clean bill of health from a doctor. It is "common knowledge" in the medical field and even with most laypersons that when an insulin dependant diabetic is denied normal daily insulin injections that the diabetic may quickly become ill from lack of insulin with side-effects such as becoming incoherent and dilusional when blood sugar levels are very high or very low. When blood sugar levels are erratic and unstable due to lack of insulin the insulin dependant diabetic's thought process is altered and they have difficulty making important decisions. This was not an issue of petitioner not receiving insulin for a delay of several hours or even a day, it is a fact petitioner was intentionally denied insulin for 124 days. Common sense should indicate that it likely petitioner's thoughts and intentions were erratic at best. There was a very simply way to ensure the integrity of petitioner's guilty plea and to assist petitioner with medical attention at the same time:

6.) Recess the hearing and order medical staff/EMT's immediatly assess petitioner by checking his blood sugar level and providing insulin, vital functions, etc.

7.) Repeat blood sugar testing/insulin until petitioner's blood sugar level was stable and medical staff could deem petitioner coherent and able to participate in court proceedings clear minded.

8.) If petitioner's blood sugar could not be stablized he could be sent to the hospital for medical attention.

If the court would have done this it is possible that with insulin and a clear mind that petitioner would not want to plead guilty at the hearing.

3.

The court also failed to inform petitioner that if he was simply pleading guilty to get away from the Phelps County Jail to get medical attention, that the court had the power to order Phelps County Jail officials to immediatly provide him with multiple daily blood sugar tests and multiple daily insulin injections, as needed, and petitioner could safely return to the jail and get his diabetes under control so that he would have a clear mind in making the choice between pleading guilty and demanding a jury trial at a later date.

It would seem the court wished "to appear" if they were concerned with circumstances but failed to actually weild the court's power to ensure the integrity of petitioner's guilty plea at the hearing. The court's only action in these circumstances was to state to petitioner "Mr. Scrivens, I will pass along your concerns to jail staff," (SEE: Plea & Sent. Trans. page #15).

Petitioner had already suffered eight months of cruelty in the Phelps County Jail without medical attention and insulin for 124 days prior to the hearing and believed that he would die soon from diabetes and its side-effects if he did not find a way to get away from the jail and get medical attention. Petitioner had already lost sight in his left eye from lack of insulin. It was easy for the court to "pass along" something. It was different when petitioner had already lived the torture for eight months. No doubt the court meant well but the road to hell is paved with good intentions.

Petitioner had suffered without medical attention for months and been denied insulin for 124 days prior to the hearing, lost sight in his left eye, and was in the state of mind to say whatever he must at the hearing in order to get away from the Phelps County Jail to get medical attention or he would likely die.

In post-conviction relief action, councel asserted in petitioner's amended motion that he was "denied due process of law," and that his guilty plea was unknowing, un-intelligent, and involuntary because he plead guilty so he could receive medical treat-

4.

ment, so he accepted the State's offered plea deal." The amended motion further asserted that [b]ut for petitioner's lack of medical attention while in the local jail, he would have rejected the guilty plea and would have insisted on proceeding to trial.

An evidentiary hearing held on the amended motion, petitioner's former plea councel Henry Surkamp, testified that he represented petitioner at the guilty plea hearing and was aware petitioner made complaints about lack of medical attention at the Phelps County Jail during the hearing. Mr. Surkamp also testified petitioner had made complaints to him and that "[i]t was often, I would say, that he was more concerned about his medical than his case." Mr. Surkamp testified he tried his best to assist him in getting his medical complaints in the jail sorted out; he tried bringing up the issue in the courtroom; and placed calls to the nurse at the jail and the lieutenant at the jail but medical attention was never provided to petitioner at the jail. Mr. Surkamp testified he had supplied petitioner with a 1983 complaint form.

Also during the evidentiary hearing, petitioner testified that he is an "insulin dependant diabetic," and that he was diagnosed with diabetes in 2007. He testified that to keep his diabetes in check he had to take insulin three times a day. Petitioner said he had received insulin at the jail for the first forty-five days, but one day there was an incident where his blood sugar spiked to an extremely high level. The jail staff gave too much insulin to bring it down and it dropped from 650 + to approximatly 32. After that occured the [2]doctor discontinued his insulin in its entirety. Petitioner testified that had that not occured, he would have wanted to proceed to trial.

---

[1]Most commonly used meters to check blood sugar do not read beyond 650, even though the blood sugar level may be beyond that amount.
[2]The "unknown doctor" is an agent of Advanced Correctional Healthcare, Inc. who only provides "on-call" medical care and does not actually assess or visit inmates in the Phelps County Jail as detailed in Scrivens v. Advanced Corr. Healthcare, Inc., Case No. 4:21-CV-00355-SRC, U.S. District Court, Eastern District of Missouri.

5.

During cross-examination, petitioner reiterated that had he received appropriate medical attention at the Phelps County Jail he would have insisted on going to trial. Petitioner recalled that during his plea hearing the court asked him if he was merely pleading guilty to get out of the Phelps County Jail for medical issues. Petitioner testified that was "exactly why I pleaded guilty." Petitioner went on to testify that seven hours after his guilty plea, he "was sitting in DOC to get a shot." Petitioner also testified that "because they denied me insulin I lost sight in my left eye. I can't hear in my left ear.

Petitioner had been to the Dept. of Corrections before and knew beyond any doubt that as soon as he arrived there (Fulton Reception & Diagnostic Center) he would receive immediate medical attention, including insulin injections. He would be fully assessed and provided medical care and his insulin would be provided three times each day to get his diabetes under control.

Petitioner's main concern at the time of the hearing was to plead to anything in order to quickly be transported to the DOC where he knew he would immediatly receive medical attention and insulin before he died from diabetes. The hearing was no longer a legal matter to petitioner, it was his one sure opportunity to get to DOC and receive medical attention and insulin. Petitioner plead guilty to save his own life.

Petitioner was denied due process of law and left with two choices; plead guilty and quickly receive medical attention at DOC; or, demand his right to trial by jury and be returned to the Phelps County Jail to suffer without medical attention and insulin and likely go blind and/or die from diabetes.

6.

**GROUND TWO:** _____

    (a) Supporting facts. Do not argue or cite law. Just state the specific facts that support your claim:

    (b) If you did not exhaust your state remedies on Ground Two, explain why:

    (c) **Direct Appeal of Ground Two:**

        (1) If you appealed from the judgment of conviction, did you raise the issue? ☐ Yes     ☐ No

        (2) If you did not raise this issue in your direct appeal, explain why:

    (d) **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☐ Yes     ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know): _____

    Date of court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☐ No

        (4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE:** _____

(a) Supporting facts. Do not argue or cite law. Just state the specific facts that support your claim:

(b) If you did not exhaust your state remedies on Ground Three, explain why:

**(c) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise the issue? ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☐ Yes  ☒ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know): _____

   Date of court's decision: _____

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

   (4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes  ☐ No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available):

   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: Public Defender's decision

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND FOUR:** _____

    (a) Supporting facts. Do not argue or cite law. Just state the specific facts that support your claim:

    (b) If you did not exhaust your state remedies on Ground Four, explain why:

    (c) **Direct Appeal of Ground Four:**

        (1) If you appealed from the judgment of conviction, did you raise the issue?  ☐ Yes    ☐ No

        (2) If you did not raise this issue in your direct appeal, explain why:

    (d) **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  ☐ Yes    ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: _____

        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know): _____

        Date of court's decision: _____

        Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion or petition?          ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☐ Yes   ☐ No (Unknown if Public Defender did)
   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☐ No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and

the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing   Public Defender Henry Surkamp

(b) At arraignment and plea:   Public Defender Henry Surkamp

(c) At trial:   N/A

(d) At sentencing:   Public Defender Henry Surkamp

(e) On appeal:   Samuel Buffaloe, Assist. Public Defender
Appellate/PCR Division, Columbia, Missouri

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C § 2244(d) does not bar your petition.*

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the court grant the following relief or any other relief to which petitioner may be entitled:

_____
Signature of Attorney (if any)