UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SHAWN HENRY SCRIVENS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:21-CV-77 RLW |
| RUSTY RATLIFF, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This state prisoner habeas corpus matter under 28 U.S.C. § 2254 is before the Court on two motions filed by self-represented petitioner Shawn Henry Scrivens.

The first motion is titled "Petitioner's Request for Case Status" (ECF No. 13). The Clerk of the Court mailed Petitioner a copy of the case's docket sheet in response to this motion. The motion is otherwise denied. To the extent the motion states that no response was filed to the § 2254 Petition, this is incorrect. Respondent's Response to Show Cause Order was filed on February 17, 2022 (ECF No. 10), and its certificate of service states that a copy was mailed to Petitioner at his place of confinement, Moberly Correctional Center ("MCC"). (Id. at 11.)

The second motion is titled "Petitioner's Motion to Amend Original Filing With Request for Court to Order Service on Respondent" (ECF No. 14). The motion states that there is a new warden at MCC, Rusty Ratliff, and requests that "all court records and case filings reflect Warden Ratliff as the correct respondent in petitioner's case." (Id. at 1-2.) The motion also asks the Court to order the Clerk of the Court to prepare a summons for the new warden and order that he be served with process by the U.S. Marshals Service.

The relief Petitioner seeks in this motion is unnecessary. Under Federal Rule of Civil Procedure 25(d), titled "Public Officer; Death or Separation from Office," when a public officer

who is a party to a lawsuit in an official capacity—such as a warden—ceases to hold office while the action is pending, the "officer's successor is automatically substituted as a party." Id. As such, no motion is required in order to update the Respondent's name in the case. Further, because Rule 25(d) automatically substitutes the new warden as the Respondent, it is not necessary that the new warden be served with process. Finally, the Rule also provides, "Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded." Id. Thus, while the new warden's name will be used in future filings in this case, it is not necessary that any existing filings be changed.

The Court will grant this motion to the extent that the Clerk will be directed to modify the docket sheet and the parties shall use the new warden's name in future filings, and it is otherwise denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that "Petitioner's Request for Case Status" (ECF No. 13) is **DENIED** except to the extent that the Clerk of Court has already sent Petitioner a copy of the docket sheet.

**IT IS FURTHER ORDERED** that "Petitioner's Motion to Amend Original Filing With Request for Court to Order Service on Respondent" (ECF No. 14) is **GRANTED** to the extent that Rusty Ratliff is substituted as the Respondent in this case pursuant to Rule 25(d), Fed. R. Civ. P., the Clerk of the Court shall modify the docket sheet and short caption accordingly, and the parties shall use the current Respondent's name in all future filings. The motion is otherwise **DENIED as moot**.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of April, 2024.