UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

SHAWN HENRY SCRIVENS,          )
                               )
        Petitioner,            )
                               )
v.                             )          No. 2:21 CV 77 RWS
                               )
AMANDA LAKE,                   )
                               )
        Respondent.            )

## MEMORANDUM AND ORDER

This case is before me on Petitioner Shawn Henry Scrivens' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Scrivens asserts one ground for relief in his petition. Because his claim for relief lacks merit, I will deny Scrivens' petition.

## BACKGROUND

On March 7, 2019, Scrivens pleaded guilty to unlawful possession of a firearm and was sentenced to ten years in prison. Scrivens did not file a direct appeal of the judgment. On May 13, 2019, Scrivens filed a timely *pro se* motion for post-conviction relief. On January 29, 2020, Scrivens filed an amended motion for post-conviction relief. Following an evidentiary hearing, the trial court denied Scrivens' motion on October 20, 2020. The Court of Appeals affirmed the denial on September 2, 2021. The mandate issued in the post-conviction appeal on September

20, 2021. Scrivens then filed a timely petition for writ of habeas corpus on December 14, 2021.

The Missouri Court of Appeals described the colloquy at the plea hearing concerning the voluntariness of Scrivens' guilty plea as follows:

> [The Court]. All right. Are you pleading here today because of the care, or the lack of care, you've received in the jail, or on the other hand are you pleading guilty because you believe you are guilty?
>
> [Movant]. Do you want to know the truth or do you want me –
>
> [The Court]. I want you to tell me the truth.
>
> [Movant]. The reason why – there's a reason why I'm trying -- I mean, I have no medical care here at all, period. I have not. I am not withdrawing the plea, sir. I'm just stating that something has to be done about my medical treatment.
>
> [The Court]. Well, my job, at least part of my job with respect to this hearing here today, is to make sure that before I allow you to plead guilty that your plea is voluntary.
>
> [Movant]. I am voluntary.
>
> [The Court]. And if I think that you're pleading guilty just to desperately get out of jail because you have to get out of this place to protect your health –
>
> [Movant]. I just need to make you aware.
>
> [The Court]. -- then I'm going not going to accept your plea because it wouldn't be voluntary under those circumstances. On the other hand, if you're simply wanting to tell me about these conditions, which I will be glad to pass along your complaints –
>
> [Movant]. That's why I'm –

[The Court]. -- but it's not having any effect on your plea of guilty. That's a different situation. Is that what you're wishing to do?

[Movant]. I'm wishing to go forward with my plea.

[The Court]. All right.

[Movant]. I would -- sorry.

[The Court]. Let me ask you a different way. Let's assume that you were completely satisfied with all the care that you have received while in jail, okay?

[Movant]. Yes.

[The Court]. Would you still be pleading guilty here today?

[Movant]. Yes.

[The Court]. And that's because you believe that you are guilty; is that correct?

[Movant]. Yes.

ECF No. 10-7 at 2–3.

In his petition for writ of habeas corpus, Scrivens raises one ground for relief: that he was denied due process because his guilty plea was not knowing and voluntary. ECF No. 1 at 4–10. Respondent asserts that Scrivens' petition should be denied in deference to the state courts.

## LEGAL STANDARD

Federal courts are authorized to issue habeas relief for state prisoners pursuant to 28 U.S.C § 2254, as amended by the Antiterrorism and Effective Death Penalty

Act of 1996 (the "AEDPA").  *Harrington v. Richter*, 562 U.S. 86, 97 (2011).  But this power is limited to "only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States.'"  *Id.*  Notwithstanding narrow exceptions, federal courts may not grant such applications if the applicant has not exhausted state remedies.  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

For claims adjudicated on the merits in state court proceedings, federal courts may issue habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

An adjudication is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An adjudication is an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.*  The standard requires an objectively unreasonable application of federal law; a merely incorrect application is not

4

sufficient. *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). Thus, to obtain habeas relief from a federal court, the petitioner must show that the challenged state court ruling "rested on an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (cleaned up). This standard is difficult to meet. *Id.* at 357–58.

As with legal findings, "a determination of a factual issue by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "[E]ven erroneous fact-finding by the [state] courts will not justify granting a writ if those courts erred 'reasonably.'" *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

## DISCUSSION

In his petition, Scrivens claims he was denied due process because his guilty plea was not knowing and voluntary. The Missouri Court of Appeals rejected this claim on appeal of the denial of post-conviction relief as follows:

> Shawn Henry Scrivens ("Movant") pled guilty to one count of unlawful possession of a firearm, and subsequently filed a Rule 24.035 motion claiming that his plea was involuntary, unknowing and unintelligent because he was not receiving adequate medical care in the county jail while awaiting trial and thus was forced to plead guilty to get medical treatment.
>
> . . . .

5

While it is true that during the plea hearing Movant complained about his medical treatment at the jail, it is also true that the court responded by conducting an intensive and thorough investigation into whether Movant would have pled guilty even if he had no complaints about his medical treatment in the jail.4 The plea judge made it clear that he would not accept a guilty plea unless he believed Movant was telling the truth and that the court was convinced that Movant was in fact making a voluntary plea. Movant assured him more than one time that he was pleading guilty voluntarily, and that, even if he had received adequate medical care, he would plead guilty. The findings of fact and conclusions of law of the motion court's judgment are not clearly erroneous. We are not left with a definite and firm impression that a mistake was made. The point is denied; the judgment is affirmed.

ECF No. 10-7 at 1–2, 4.

A defendant challenging a guilty plea must show that the plea does not represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A plea is voluntary if it is "entered by one fully aware of the direct consequences . . . ." *Brady v. United States*, 397 U.S. 742, 755 (1970).

Scrivens testified at his plea hearing that he would still be pleading guilty even if he were in perfect health and had no complaints about his treatment in jail. However, at the post-conviction review evidentiary hearing, Scrivens' testified that his true reason for pleading guilty was because of poor medical care in the pre-trial jail. The same judge heard Scrivens' testimony in both hearings and determined that his testimony at the plea hearing was credible. The appellate court upheld this determination, noting that the court "conduct[ed] an intensive and thorough

6

investigation into" Scrivens' plea and that the "plea judge made it clear he would not accept a guilty plea unless he believed [Scrivens] was telling the truth . . . and was in fact making a voluntary plea."

In this case, the post-conviction review court made a credibility finding that Scrivens' testimony at the plea hearing was credible. A federal habeas court cannot "redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). Additionally, "a district court is not required 'to conduct an evidentiary hearing on allegations which amount[] to no more than a bare contradiction of statements petitioner made when she [or he] pled guilty.'" *Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1988) (citation omitted). As a result, Scrivens' petition will be denied.

## CONCLUSION

I will deny Scrivens' petition for writ of habeas corpus because his claim lacks merit. I will also decline to issue a certificate of appealability because Scrivens has not made a substantial showing of the denial of a federal constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Shawn Henry Scrivens for a writ of habeas corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability under 28 U.S.C. § 2253.

A separate Judgment in accordance with this Memorandum and Order will be entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of January 2025.